<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HEITS BUILDING SERVICES, INC., | : |
| | : Civil Case No. 10-6085 (FSH) (PS) |
| Plaintiff, | : |
| | : **ORDER** |
| v. | : |
| | : May 23, 2011 |
| GREGORY C. ERVASTI and G&D SERVICES, INC., | : |
| | : |
| Defendants. | : |

<u>**HOCHBERG, District Judge:**</u>

This matter comes before the Court upon an unopposed motion for default judgment by plaintiff, Heits Building Services, Inc., against defendant G&D Services, Inc. ("G&D"), pursuant to Federal Rule of Civil Procedure 55, and the Court having considered the arguments on the papers pursuant to Federal Rule of Civil Procedure 78; and

it appearing that G&D has failed to appear or defend this action; and

it appearing that the Clerk of the Court entered default against G&D on December 15, 2010; and

it appearing that plaintiff seeks permanent injunctive relief against G&D; and

it appearing that plaintiff seeks statutory damages pursuant to § 35 of the Lanham Act, 15 U.S.C. § 1117, in the amount of $35,000; and

it appearing that the Lanham Act authorizes statutory damages between $1,000 and $200,000 per counterfeit mark per type of good and up to $2,000,000 per counterfeit mark per type of good if the offending party's use of the trademark was willful, 15 U.S.C. § 117(c)(1)(2); and

it appearing that plaintiff has submitted proof of willful infringement by defendants following the termination of the franchise agreement between plaintiffs and defendants; and

it appearing that the statutory damages sought by plaintiff are on the low end of the range of statutory damages authorized by the Lanham Act, especially given that plaintiff has demonstrated willful infringement; and

it appearing that by failing to appear in this action and to participate in discovery, G&D has rendered it impossible for plaintiff to calculate lost profits or more precisely determine statutory damages;[1] and

it appearing that plaintiff seeks attorneys' fees and costs in the total amount of $13,413.27; and

it appearing that the Lanham Act provides that a prevailing party is entitled to the "costs of the action," and where willful and deliberate infringement has been established, to attorneys'

---

[1] Courts consider the following factors when determining the appropriate level of statutory damages under the Lanham Act: "(1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the [trademark]; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether [the] defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant." *Louis Vuitton Malletier, S.A. v. Mosseri*, 2009 U.S. Dist. LEXIS 100851, *7 (D.N.J. Oct. 28, 2009) (quoting *Platypus Wear, Inc. v. Bad Boy Club, Inc.*, 2009 U.S. Dist. LEXIS 60637, *6-7 (D.N.J. July 15, 2009).

fees, *Louis Vuitton Malletier, S.A.,* 2009 U.S. Dist. LEXIS at *7 (citing *SecuraComm Consulting, Inc. v. Securacom, Inc.*, 224 F.3d 273, 280-82 (3d Cir. 2000)); and

it appearing that plaintiff seeks punitive damages of $350,000 pursuant to the New Jersey Punitive Damages Act, N.J. Stat. Ann. § 2A:15-5.9 *et. seq.*; and

it appearing that plaintiff has not demonstrated its entitlement to punitive damages pursuant to N.J. Stat. Ann. § 2A:15-5.12;

**IT IS** on this 23rd day of May 2011,

**ORDERED** that plaintiff's application for default judgment against G&D is **GRANTED**.

**IT IS FURTHER ORDERED** that G&D and its respective parents, subsidiaries, affiliates, partners, directors, officers, agents, representatives, servants, employees, attorneys and all person in active concert, privity or participation with G&D are enjoined from doing, aiding, contributing to, causing and abetting any of the following:

(i)     Displaying, or otherwise infringing upon the trademarks, trade name, and trade dress of Heits; or using or displaying any other name, mark or trade dress that is confusingly similar to the trademarks, trade name, and trade dress of Heits; or from otherwise committing acts of infringement, unfair competition and dilution against Heits in violation of the Lanham Act; or from using or disseminating any of Heits' confidential information as defined in § 8.1 of the Heits Master Franchise Agreement.

**IT IS FURTHER ORDERED** that judgment shall be entered against G&D for statutory damages on plaintiff's trademark infringement claim in the amount of $35,000.

**IT IS FURTHER ORDERED** that judgment shall be entered against G&D for attorneys' fees in the amount of $12,221, and costs in the amount of $1,192.27.

**IT IS FURTHER ORDERED** that this case is closed as to G&D only.

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.